IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL SELBY, Individually and as Personal Representative of the ESTATE OF PAULA MARIE SELBY, Deceased,

Plaintiff,

vs.

NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a/ AMTRAK,

Defendant.

No.

COMPLAINT

**PLAINTIFFS ALLEGE:**

**I.**

1.1 Jurisdiction for this cause of action against Amtrak is based on 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1349, which provides for original jurisdiction over corporations where the United States owns more than 50 percent of the capital stock. The United States owns more than 50 percent of defendant Amtrak's capital stock.

1.2 Venue is proper in the United States District Court for the Western District of Washington under 28 U.S.C. § 1391(b) and (c)(2) and 49 U.S.C. § 24301. The defendant, Amtrak,



EVERGREEN PERSONAL INJURY COUNSEL
100 South 9th Street
Tacoma WA 98402
(253) 472-6000

resides in and is subject to this court's personal jurisdiction because they transact business within the judicial district that comprises Pierce County, Washington, and the train ticket giving rise to defendant's common carrier liability was purchased by plaintiff in Pierce County, Washington. Medical treatment provided to Ms. Selby up to and including the time of her death occurred in the judicial district that comprises Pierce County, Washington. Ms. Selby died in the judicial district that comprises Pierce County, Washington. The probate action was filed and the administrator of Ms. Selby's estate are also located in the above judicial district that comprises Pierce County, Washington.

## II.

2.1 At all times material hereto, Plaintiff Daniel Selby and the late Paula Marie Selby were husband and wife and residents of Graham, Washington, County of Pierce.

2.2 Defendant is the National Railroad Passenger Corporation, d/b/a Amtrak, hereinafter referred to as "Amtrak."

2.3 Defendant Amtrak is a private corporation, of which over 50% ownership is vested in the United States of America.

2.4 Defendant Amtrak owned, operated and controlled the train, including all ingress and egress of train passengers on which the injury hereafter described occurred.

2.5 Defendant, Amtrak controlled the agents and employees who interacted with plaintiff Selby and caused the injury hereafter described.

## III.

3.1 On or about January 19, 2015 Paula Marie Selby purchased an Amtrak ticket in Pierce County Washington for roundtrip transportation between Tacoma, Washington and Eugene Oregon. On January 19, 2015 Ms. Selby was a passenger on an Amtrak train on a trip from



EVERGREEN PERSONAL INJURY COUNSEL
100 South 9th Street
Tacoma WA 98402
(253) 472-6000

Tacoma, Washington to Eugene, Oregon. During a stopover in Portland, Oregon Ms. Selby exited the train's passenger car to use the restroom. As Ms. Selby attempted to re-enter the passenger car she asked for assistance re-entering the car from an Amtrak employee. Specifically, Ms. Selby requested a stepping stool from the Amtrak employee in order to safely re-enter the passenger car of the train. The Amtrak employee negligently refused to provide a stepping stool or otherwise provide assistance to Ms. Selby in re-entering the train. As a direct and proximate result of Amtrak's negligence in failing to provide a stepping stool or otherwise provide assistance to Ms. Selby re-entering the train, she fell and injured her right knee and ankle.

3.2 As a direct and proximate result of the aforementioned negligence of Amtrak in causing the fall Ms. Selby was diagnosed with a right knee lateral meniscus tear and subsequently underwent surgery for this condition on June 28, 2016.

3.3 As a direct and proximate result of the aforementioned negligence of Amtrak in causing the fall and plaintiff's right knee injury Ms. Selby died on July 9, 2016 from complications associated with the right knee surgery performed on June 28, 2016.

3.4 The defendant Amtrak, and its agents and employees, as a common carrier had the duty to exercise the highest degree of care consistent with the practical operation of its type of transportation and its business as a common carrier. Defendant Amtrak violated this and other duties of care owed to the plaintiff by failing to provide Ms. Selby with a stepping stool or otherwise provide her assistance re-entering the train. The failure of the defendant to do so created an unsafe and dangerous condition, resulting in Ms. Selby falling and injuring her right knee while attempting to re-enter the train. Said right knee injury subsequently required surgery and complications arising therefrom led directly to Ms. Selby's death.



EVERGREEN PERSONAL INJURY COUNSEL
100 South 9th Street
Tacoma WA 98402
(253) 472-6000



# IV.

4.1 A proximate cause of the above-described incident was the negligence and fault of the defendant, National Railroad Passenger Corporation, Amtrak described above.

4.2 A proximate cause of Ms. Selby's right knee injury was the negligence and fault of the defendant, National Railroad Passenger Corporation, Amtrak described above.

4.3 A proximate cause of Ms. Selby right knee surgery was the negligence and fault of the defendant, National Railroad Passenger Corporation, Amtrak described above.

4.4 A proximate cause of the complications that lead to Ms. Selby's death following the right knee surgery was the negligence and fault of the defendant, National Railroad Passenger Corporation, Amtrak described above.

4.5 A proximate cause of Ms. Selby's death was the negligence and fault of the defendant, National Railroad Passenger Corporation, Amtrak described above

# V.

5.1 As a direct and proximate result of the negligence, fault, carelessness, and unlawful conduct of the defendant, Plaintiff Paula Selby sustained personal injuries, conscious pain and suffering, both physical and mental, which necessitated medical care and treatment preceding her death on June 9, 2016. This includes, but is not limited to, the pain, suffering and disability that existed before and after Ms. Selby's right knee surgery that occurred on or about June 28, 2016.

5.2 As a direct and proximate result of the negligence, fault, carelessness, and unlawful conduct of the defendant, The Estate of Paula Marie Selby, Daniel Selby, individually, and the beneficiaries of the Selby Estate, including, but not limited to, Nichelle Long, Christopher Selby and Daniel Selby, suffered compensable injuries, including, but not limited to, the pre- and post-death loss of consortium, mental and physical pain and suffering and other economic and non-



EVERGREEN PERSONAL INJURY COUNSEL
100 South 9th Street
Tacoma WA 98402
(253) 472-6000

economic damages that will persist for an indefinite period of time, if not permanently, to be fully proven at trial.

## VI.

6.1 As a direct and proximate result of the negligence, fault, carelessness and unlawful conduct of the defendant, the plaintiff has been specially and generally damaged in an amount to be fully proven at the time of trial.

6.2 To the extent allowed by law, Plaintiff prays for a judgment against the defendant for all pre-death and post death damages allowed under law, including attorneys' fee and costs.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for such sums of money as will reasonably and justly compensate him, the Estate of Paula Marie Selby and the Estate beneficiaries for damages sustained as hereinbefore alleged, together with their costs and disbursements herein to be taxed, and for prejudgment interest.

DATED this 22nd day of December, 2016.

EVERGREEN PERSONAL INJURY COUNSEL

JEREMY A. JOHNSTON, WSBA# 34149
JOHN R. CHRISTENSEN, WSBA# 18860
Attorneys for Plaintiff






